UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.                                                                                ORDER
                                                                        Crim. No. 19-103 (03) (MJD/ECW)

Kevin Green,

    Defendant.

---

    Justin A. Wesley, Assistant United States Attorneys, Counsel for Plaintiff.

    Robert D. Richman, Counsel for Defendant.

---

This matter is before the Court on Defendant's Appeal of the Magistrate Judge's Order dated September 23, 2020 denying in part his motion for a Franks hearing. [Doc. No. 305]

**I.    Background**

Defendant has moved for a hearing, pursuant to Franks v. Delaware, 438 U.S. 154, 155-56 (1978), to allow Defendant to challenge certain search warrants on the grounds that the supporting affidavits contain factual misrepresentations or omissions that are necessary to a finding of probable cause.

1

Defendant seeks a Franks hearing with respect to the March 6, 2019 Tracking Warrant for 612-263-12XX (extended on May 1, 2019) and the June 11, 2019 Tracking Warrant for 612-219-98XX.  The basis for the motion is that the supporting affidavits for these warrants, both prepared by Minneapolis Police Officer Jason Schmitt, are at odds.  Specifically, in the March 6, 2019 warrant, Officer Schmitt wrote that he learned of a narcotics dealer who uses the street name Stunna through a Scales interview, and that during the interview, the arrestee stated that he had been in a Porsche SUV with Stunna and purchased 100 grams of heroin, and that the arrestee used the phone number 612-263-12XX to contact Stunna.  (Gov't Ex. 9 at 3.)  In the affidavit supporting the June 11, 2019 warrant, Officer Schmitt wrote about the same Scales interview, and that during the interview, the arrestee identified the phone number used to contact Stunna as 612-219-98XX.  (Gov't Ex. 11, at 2-3.)

The Magistrate Judge concluded that Defendant had met his burden to show that the difference in phone numbers provided by the Scales interviewee in the two affidavits was at least a false statement made with reckless disregard for the truth that supported his motion for a Franks hearing.  ([Doc. No. 296] Order at 5.)

The Magistrate Judge then addressed the second prong of the Franks analysis, which requires the court to determine whether the false statements are necessary to a finding of probable cause. If probable cause is found without regard to the false statements, a Franks hearing is not warranted.

With respect to the March 6, 2019 warrant, and the May 6, 2019 extension, the Magistrate Judge found that based on the information in the affidavits, the information provided by the Scales interviewee as to the phone number 612-263-12XX was necessary to the finding of probable cause, and granted Defendant's motion as to those warrants.

With respect to the June 11, 2019 warrant, however, the Magistrate Judge found that if the court were to remove the information from the Scales interview regarding the phone number 612-219-98XX, the information regarding the current order that was expiring and the information that Minnie Loyd rented a Maserati using the 612-219-98XX number, the remaining information in the affidavit provided probable cause for the warrant. ([Doc. No. 296] Order at 13-14.) The Magistrate Judge then denied the motion for a Franks hearing as to the June 11, 2019 warrant. (Id. at 14.)

Defendant has appealed that portion of the Order denying his motion for a Franks hearing as to the June 11, 2019 warrant.

## II.    Standard of Review

Defendant argues that this Court should review the Magistrate Judge's Order under a *de novo* standard, arguing a motion for a Franks hearing is a dispositive motion. He argues that the Order denying the motion for a Franks hearing resulted in a denial of his motion to suppress, therefore it should be treated as a dispositive motion. This argument has no merit for two reasons.

First, the Magistrate Judge did not rule on Defendant's pending motion to suppress. (Id. at 18-19.) The Order provides that

> Defendant Kevin Green will have the opportunity to examine Officer Jason Schmitt at an in-person suppression hearing with respect to the mobile telephone number identified by the Scales interviewee as the mobile number used to contact "Stunna" and arrange for the mobile sale of narcotics as set forth in the affidavits in support of the applicable Tracking Warrants (Gov't Exs. 9-11).

Second, as noted by the Eighth Circuit, "[a] Franks hearing is just a step along the way to the ultimate goal of a motion to suppress, which is to have evidence excluded, and the case dismissed." United States v. Lucca, 377 F.3d 927, 932 (8th Cir. 2004). Further, courts in this District have treated motions for a Franks hearing as a non-dispositive motion. See United States v. Mays, File No.

4

19-cr-75, 2019 WL 4565636, at *3-4 (D. Minn. Sept. 20, 2019) (listing cases in this District which found a motion for a Franks hearing is non-dispositive).  The defendant in Mays argued that when ruling on a motion for a Franks hearing, the Magistrate Judge necessarily denied his motion to suppress, as the Franks analysis involves whether probable cause exists without the alleged false statement.  Id. at *4.  The Court rejected this argument, finding

> when denying a motion for a Franks hearing, the magistrate determines either (1) that there were no intentional or reckless misstatements or omissions or (2) that even if the affidavit were corrected to account for the misstatements or omissions, the affidavit could support a finding of probable cause. Crucially, the magistrate judge is not deciding that the affidavit *does* support a finding of probable cause or that, if presented with the corrected affidavit, the magistrate *would* find probable cause.

Id.

Such is the case here.  The Magistrate Judge's probable cause determination was not final but was a preliminary finding only with respect to the motion for a Franks hearing.  Accordingly, the Court finds that because the motion for a Franks hearing is non-dispositive motion, and because the Magistrate Judge did not rule on the motion to suppress evidence, the September 23, 2020 Order will be set aside only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).

**III.    Analysis**

To be entitled to a Franks hearing, Defendant must make "a substantial preliminary showing" that the supporting affidavits contain factual misrepresentations or omissions that are necessary to a finding of probable cause.  Id. 438 U.S. 154, 155-156 (1978).  The "substantiality requirement is not met lightly and requires a defendant to offer specific allegations along with supporting affidavits or similarly reliable statements."  United States v. Gonzalez, 781 F.3d 422, 430 (8th Cir. 2015).

Defendant argues that for both the March 6 and June 11 warrants, probable cause is dependent on the information from the arrestee, and without that information, the warrants fail.

In the Order, the Magistrate Judge set forth the information contained within the June 11, 2019 warrant that supported a finding of probable cause.  ([Doc. No. 296] Order at 14.)  As explained by the Magistrate Judge, the affidavit supporting the June 11, 2019 warrant contained additional information that was not included in the affidavit supporting the March 6, 2019 warrant.  (Id. at 13.)  The Magistrate Judge then concluded that without reference to the information from the Scales interviewee regarding the phone number 612-219-98XX used in

the drug transaction, the information regarding the current court order that was expiring, and the information that Loyd rented a Maserati using the 612-219-98XX phone number, and "based on the totality of the information, there was a fair probability that evidence of suspected narcotics dealing would be found in data generated by the tracking of the cellular phone at issue." (Id. at 13-14.)

Based on its review of the warrants at issue, and the applicable law, the Court finds the Magistrate Judge's determination as to probable cause for the June 11, 2019 warrant in determining his motion for a Franks hearing only is not clearly erroneous or contrary to law.

Based on the file, record and proceedings herein,

IT IS HEREBY ORDERED that the Order dated September 23, 2020 [Doc. No. 296] is **AFFIRMED** and Defendant's Appeal of that Order [Doc. No. 305] is **DENIED.**

Date: October 29, 2020

                                                               /s Michael J. Davis  
                                                               Michael J. Davis  
                                                               United States District Court