UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Kevin Green,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 19-103 (03) (MJD/ECW)

_____

       Amber M. Brennan and Justin A. Wesley, Assistant United States Attorneys, Counsel for Plaintiff.

       Robert D. Richman, Counsel for Defendant.

_____

       This matter is before the Court on Defendant's second motion for reconsideration of the detention order.   (Doc. No. 323.)

## I.   Introduction

       Defendant has been charged in the Superseding Indictment with conspiracy to distribute controlled substances, specifically Fentanyl and possession of controlled substances, specifically Fentanyl and Heroin.   On September 4, 2019, Magistrate Judge Leung held a detention hearing, and by Order dated September 12, 2019, found that Defendant had not rebutted the

1

presumption of detention in this case and that there were no conditions or

combination of conditions that would reasonably assure his presence at future

court proceedings or that would assure the safety of the community.   (Doc. No.

69.)

Defendant moved for reconsideration of the detention order, which

motion was denied by Order dated April 23, 2020 in which the Court found that

continued detention was warranted because Defendant has been charged with a

serious crime, and because the government proffered significant evidence

against Defendant.   (Doc. No. 211 at 7-8.)   The Court further found that the

Sherburne County Jail had implemented sufficient safeguards concerning the

COVID-19 pandemic.   (Id. at 8-10.)

Following the Court's Order denying his motions for reconsideration,

Defendant obtained new counsel and filed additional pretrial motions.   Many of

those motions have been ruled on, while other motions will be addressed

following a hearing.   Because Defendant has requested an in-person hearing,

the hearing date has been continued pursuant to General Order 22 in re: Updated

Guidance to Court Operations Under the Exigent Circumstances Created by

COVID-19 (November 24, 2020).   As a result, the hearing on Defendant's pending motions will not be rescheduled until early next year.

Defendant now moves for reconsideration of his pretrial detention on the grounds that he has been in custody for nearly 16 months and because pretrial motions are still being litigated, he will be in pretrial custody for almost two years before his case is tried.   He requests release to a halfway house in order to avoid a due process violation as a result of his prolonged detention.   He further argues he has rebutted the presumption of    detention by demonstrating he is not a flight risk and he poses no danger to the community.

## II.   Standard

The Bail Reform Act creates a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when there is probable cause to believe a defendant committed a certain offense, including "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act."   United States v. Boykins, 316 F. Supp. 3d 434, 436 (D.D.C. 2018) (citing 18 U.S.C. § 3142(e)(3)(A)).

In this case, there is a rebuttable presumption in favor of detention as Defendant meets the criteria in 18 U.S.C. § 3142(e)(2)(A) and (C); he has a prior conviction for conspiracy to possess with intent to distribute 100 grams or more of heroin, which is an offense listed in subsection (f)(1); and not more than five years have elapsed since his release from imprisonment for his prior drug conviction.

In making the determination whether detention is appropriate, the Court must consider the following factors:

(1)   The nature and circumstances of the offense charged, including the fact that the crime charged is an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person, including–

(A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
(B)   whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

## III.   Argument

Defendant again argues he has rebutted the presumption for detention by producing evidence which demonstrates there are conditions or a combination of conditions that will reasonably assure his appearance at future court proceedings and the safety of the community.   He argues that he was arrested on identical charges in state court and was released on July 20, 2019 on conditions.   Prior to being arrested on the charges in this District several weeks later, Defendant asserts he did not flee or commit any new crimes.   He further argues he has significant family ties in Chicago and has lived in the Twin Cities for nearly twenty years, and that five of his six children live in Minnesota.   His family is very supportive of him.   Defendant further asserts he has no passport and has never traveled outside of the United States.

Because he has met his burden of production as to whether he is a flight risk or danger to the community, Defendant argues the burden shifts to the

5

government to show that continued detention is warranted.   He argues that

based on the record, the government has failed to meet its burden.

He asserts that he has not been charged with a weapons crime, and there is

no allegation that he has engaged in any crime of violence.   He further argues

that despite his criminal history, the Court must determine whether he is

currently a danger to the community if released.

Defendant further argues that the longer he remains in custody, the

government's burden to justify continued detention should be greater.   Due to

the unique circumstances that have arisen due to the COVID pandemic, the

Court could not have foreseen that his case would remain in limbo for this

period of time.   Defendant argues his due process rights "do not take a

vacation" because of the challenges presented by the pandemic, therefore the

Court should reconsider whether stringent conditions of release now warrant his

release.

The government opposes the motion.   The government first notes that

pursuant to 18 U.S.C. § 3142(f) a detention hearing

> may be reopened, before or after a determination by the judicial officer, at
> any time before trial if the judicial officer finds that information exists that

was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

In his motion, however, Defendant has presented no new evidence that has a material bearing on whether there are conditions of release that will reasonably assure his appearance at future court proceedings and the safety of the community.   Instead, he argues the Court was wrong in its original determination that detention is warranted in this case.   The government argues the Court should summarily deny Defendant's motion.

The government further argues there is no due process violation based on the time Defendant has been in custody, as Defendant was afforded a prompt detention hearing and the length of his detention is limited by the Speedy Trial Act.   See United States v. Salerno, 481 U.S. 739, 747 (1987).

## IV.   Findings

Based on the record before it, and applying the factors set forth in § 3142(g), the Court finds that Defendant's continued detention is warranted.   In his current motion, Defendant has presented no new evidence that has a material bearing on whether there are conditions of release that will reasonably assure his

7

appearance at future court proceedings and the safety of the community.   Nor

has Defendant presented any legal argument which alters the Court's previous

determination that detention is warranted in this case.   He is charged with a

serious crime, and the government has proffered significant evidence against

Defendant.   (See Doc. No. 211 (Order at 7-8).)   This evidence, together with his

criminal history, his history of noncompliance while serving a previous term of

supervised release, and the fact he is facing a 15-year mandatory minimum

sentence in this case, continues to demonstrate that releasing him poses a risk to

the community and a risk that he will not appear in court.

Based on the above, and in consideration of the factors listed in § 3142(g),

the Court finds there are no conditions or combination of conditions that would

reasonably assure Defendant's presence at future court proceedings or that

would assure the safety of the community.

IT IS HEREBY ORDERED that Defendant's Motion to Reconsider

Detention [Doc. No. 323] is **DENIED.**

Date:    December 18, 2020

s/ Michael J. Davis
Michael J. Davis
United States District Court