UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kevin Green (03),

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 19-103(MJD/ECW)

Amber M. Brennan, Justin A. Wesley and Lindsey E. Middlecamp, Assistant United States Attorneys, Counsel for Plaintiff.

Robert D. Richman, Counsel for Defendant Kevin Green.

This matter is before the Court on Defendant Green's Motion to Apply the Rule of Completeness.  [Doc. No. 410]

Green asserts the government intends to introduce snippets of his post-arrest interview which turn his exculpatory statements into incriminating statements.  His motion lists the following four examples.:

- Green's statement that his address is 34xx Lyndale.  Green asserts the government omitted the portion immediately following in which Green

1

explains he has not lived there for some time and has been bouncing around;

- Green admits he is known by people as "Stunna" and admits that he has recently traveled to Las Vegas and Chicago – all source cities for narcotics – and admits a connection to some of the vehicles involved in the offense. The government has included these statements but has omitted Green's denial that he had anything to do with the drugs and cash found in the house;

- Green admits that Minnie Loyd, who lives at the house searched, has nothing to do with drugs. The government includes this statement but omits Green's explanation that the home is actually rented by Loyd's aunt who has regular access and that she is a dope fiend who may distribute drugs; and

- Green admits he was not currently working, thus he had no sources for the case he was twice found with during the investigation. The government includes these statements but omits the statements immediately following in which he states that Loyd is working and that they have an on again-off again relationship.

Pursuant to Fed. R. Evid. 106: "If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Referred to as the rule of completeness, Rule 106 is intended "to avoid misleading impressions created by taking matters out of context." United States v. Ramos-Caraballo, 375 F.3d 797, 802 (8th Cir. 2004). "[T]he party urging admission of an excluded conversation must specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted." Id.

"Generally, when part of a defendant's post-arrest statement is introduced into evidence, the defendant has the right to have the entire statement introduced." United States v. Smith, 794 F.2d 1333, 1335 (8th Cir. 1986). The rule is not without exception, however. Id. It cannot be used to admit portions that inculpate a co-defendant, and the right to completeness "does not entitle the defendant to introduce portions of his statement that are neither explanatory of nor relevant to those portions of the statement introduced by the prosecution." Id.

Green asserts he has proposed to the government two small additions to the government's proposed snippets.  This proposal is attached to his motion as Exhibit 2.  The government has rejected Green's proposal.

The Court has reviewed Green's proposal set forth in Exhibit 2 and will allow the additional snippets set forth in Exhibit 2 to be played before the jury.

IT IS HEREBY ORDERED that Defendant Green's Motion to Apply the Rule of Completeness [Doc. No. 410] is **GRANTED**.

Date:  January 4, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court
