UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Kevin Green (03),

    Defendants.

MEMORANDUM OPINION
AND ORDER
Crim. No. 19-103(MJD/ECW)

    Amber M. Brennan, Justin A. Wesley and Lindsey E. Middlecamp, Assistant United States Attorneys, Counsel for Plaintiff.

    Rick E. Mattox, Counsel for Defendant Anthony Abari.

    Robert D. Richman, Counsel for Defendant Kevin Green.

    This matter is before the Court on Defendant Green's Motion to Reject Fifth Amendment Privilege or in the Alternative to Compel Use Immunity. [Doc. No. 425]

I.    BACKGROUND

    Defendant Kevin Green requested a subpoena to compel the attendance at trial of witness Brian Marquez Williams. In response to the subpoena, counsel for Williams notified the Court that his client intends to invoke his Fifth Amendment privilege.

1

Williams has two cases pending before this Court: in Case No. 19-cr-325 (03), Williams has entered a plea of guilty to the charges of possession with intent to distribute heroin and felon in possession of a firearm (Armed Career Criminal).  He is currently awaiting sentencing in that case.  Williams is also awaiting a final revocation hearing in another federal case.

Williams has informed the Court that if called to testify, he will assert his Fifth Amendment privilege to remain silent.  He asserts that because he is awaiting sentencing and a final revocation, his potential testimony in this case may pose a danger of self-incrimination and/or provide the opportunity for potential governmental cross-examination as to credibility or bias.

On January 6, 2022, this Court held a hearing to determine the basis for Williams invoking his Fifth Amendment privileges if called to testify in this case. For the reasons that follow, the Court will deny Defendant Green's motion.

## II.   DISCUSSION

The Court's decision to not compel testimony after a witness has claimed a Fifth Amendment privilege is reviewed for abuse of discretion.  United States v. Jones, 512 F.3d 1007, 1008–09 (8th Cir. 2008) (citations omitted).  "It is well settled that an accused's right to compulsory process must yield to a witness's Fifth

Amendment privilege not to give testimony that would tend to incriminate him or her." Id.

A defendant may not compel a witness to testify if the potential testimony could possibly tend to incriminate that witness. For example, a defendant who has pled guilty to a federal charge "remain[s] susceptible to state charges for the same acts to which he had pled guilty in federal court." United States v. Velasquez, 141 F.3d 1280, 1282 (8th Cir. 1998). Additionally, the Fifth Amendment right to not testify applies at sentencing. See Mitchell v. United States, 526 U.S. 314, 325-27 (1999).

Because Williams has two criminal matters pending before this Court, and is awaiting sentencing in those cases, the Court finds that testifying in this matter may pose a danger of self-incrimination and/or provide the opportunity for potential governmental cross-examination as to credibility.

In the alternative, Defendant Green requests the Court order the government to grant use immunity to Williams for his testimony. This Court does not have the authority to grant "judicial" immunity, and "use immunity can only be granted when it is formally requested by the Attorney General" and this

3

Court "is without power to compel the government to grant a witness immunity." <u>United States v. Warfield</u>, 97 F.3d 1014, 1020 (8th Cir. 1996).

**IT IS HEREBY ORDERED** that Defendant Green's Motion to Reject Fifth Amendment Privilege or in the Alternative to Compel Use Immunity  [Doc. No. 425] is **DENIED**.

Date:  January 11, 2022

<u>s/Michael J. Davis</u><br>
Michael J. Davis<br>
United States District Court