UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 19-103(3) (MJD/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>KEVIN GREEN,<br><br>        Defendant. | GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT KEVIN GREEN |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Justin A. Wesley and Lindsey E. Middlecamp, Assistant United States Attorneys, hereby submits this memorandum setting forth its position with respect to sentencing of defendant Kevin Green.

Green is a sophisticated, repeat drug trafficker who has refused to take responsibility for his actions, and has demonstrated over and over that he is all too happy to build a life of luxury for himself by profiting off the addiction and suffering of others. Just months after his 2018 release from his prior federal sentence for heroin distribution, Green promptly resumed business as usual, and went on to reap wealth by trafficking a lethal drug in the communities of Minnesota. But this time around, the heroin he trafficked also contained fentanyl. He has a criminal history dating back over twenty years, which history includes his prior felony drug offense from which he apparently learned nothing other than the importance of taking steps to avoid getting caught (such as using burner phones, relying

on runners, other dealers, and drivers for trafficking activities, registering vehicles under aliases or other peoples' names, and using a girlfriend's home as a stash house.) The government advocates for a sentence of 216 months.

## ARGUMENT

### I. Green's Guidelines and Objections

The United States agrees with the conclusions set forth in the Presentence Investigation Report (PSR) concerning the Defendant's Guidelines calculations. The Defendant is responsible for at least 1.2 kilograms but less than 4 kilograms of heroin containing fentanyl, resulting in a base offense level of 32. (PSR ¶ 32.) Because the Defendant conspired with other defendants who possessed firearms in furtherance of the drug trafficking conspiracy, two levels are added. (PSR ¶ 33.) With a criminal history category of III, the advisory Guideline range is therefore 188 to 235 months' imprisonment. (PSR ¶ 96.) Although Green has objected to some of the offense conduct set forth in the PSR, the evidence introduced at trial unequivocally supports the facts as described in the PSR. Green has also objected to the two-level firearms enhancement. Again, the evidence at trial established not only his co-conspirators' possession of firearms in furtherance of the drug trafficking conspiracy; there was additional evidence that in or around March of 2019, Green himself traded drugs and cash for a gun in furtherance of the conspiracy with his two co-conspirators.

### II. The Appropriate Sentence in Light of 18 U.S.C. § 3553(a).

In addition to determining the Defendant's Sentencing Guideline range (18 U.S.C. § 3553(a)(4)), this Court is required to assess the other applicable sentencing factors under

Section 3553(a) of federal sentencing law. Those factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a). A consideration of these factors supports a total sentence of 216 months' imprisonment.

      **A.**      **The Need for the Sentence Imposed to Reflect the Seriousness of the Offense and to Provide Just Punishment for the Offense.**

The heroin and opioid crisis is at this point well-documented. Between 2019 and 2020, the State of Minnesota alone saw an increase in overdose deaths of 33.8%. (Centers for Disease Control and Prevention, *2019-2020 Drug Overdose Death Rate Percent Change Map,* last accessed 6/29/2022 at https://www.cdc.gov/drugoverdose/deaths/2019-2020-increase.html.) A 2018 report by the Centers for Disease Control and Prevention pointed out in a 15-month period between 2016 and 2017, the Midwest saw an almost 70% increase in opioid overdoses. (Vivolo-Kantor AM, Seth P, Gladden RM, et al. *Vital Signs: Trends in Emergency Department Visits for Suspected Opioid Overdoses — United States*, July 2016–September 2017, last accessed 6/29/2022 at https://www.cdc.gov/mmwr/volumes/67/wr/mm6709e1.htm.) In that timeframe, the country as a whole saw 142,557 suspected opioid overdoses in emergency rooms. *Id.* Synthetic opioids, such as fentanyl, pose a particular danger to communities in Minnesota. According to the Minnesota Department of Health, synthetic opioids such as fentanyl

3

represented 55.38% of opioid overdose deaths in 2019, considerably higher than heroin alone:



Minnesota Department of Health, *Drug Overdose Dashboard,* last accessed 6/29/2022 at https://www.health.state.mn.us/opioiddashboard.) In short: the scourge of heroin and fentanyl is nothing less than a public health crisis, and represents a clear and present danger to communities in Minnesota and nation-wide.

Clearly, neither Green nor his co-conspirators bear the entire burden for an epidemic that has been years in the making. But Green does bear responsibility for his decision to exploit others' addiction for significant self-gain. On July 8, 2019, law enforcement

recovered over $190,000 in cash and 298.8 grams of heroin containing fentanyl, along with 30 tablets of fentanyl, from Green's stash house:



(Government's trial exhibits 183, 191, and 193; PSR ¶ 19.)

The money and inventory of additional drugs make clear that Green was far from an occasional hand-to-hand street dealer. Rather, he was an upstream supplier for other dealers moving significant volumes of poison to be injected into communities in Minnesota. Rather than express remorse, he has never taken responsibility for his actions. Indeed, the evidence introduced at trial reflect a man who seemed to revel in his success in his chosen field: taking photos and videos of himself with significant volumes of the proceeds from distributing a drug that spreads misery and death:



(Government's Trial Exhibit 281.) A significant sentence is necessary to provide just

5

punishment for his crime.

### B. The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and to Protect the Public.

By the same token, a lengthy sentence is necessary to deter the Defendant and to protect the public from him. Green's first felony dates back over 20 years. He has been convicted of six felonies prior to this most recent, seventh felony. (PSR ¶¶ 50-62.) In 2006, he was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or More of Heroin, and was sentenced to 124 months imprisonment and 5 years' supervised release. (PSR ¶ 62.) His record on supervised release was punctuated by repeat violations and revocations. And ultimately, none of the time he spent incarcerated—not the 124 month initial sentence, nor the successive revocation sentences of 8 months, 1 year and 1 day, or 18 months, served to deter Green from reoffending. Instead, he appears to have promptly gotten back into heroin trafficking, this time adding fentanyl to his product to make it more potent, more addictive, more profitable, and ultimately, more dangerous.

A lengthy sentence is necessary to deter the Defendant from continuing to traffic narcotics, and to protect the public from his drug trafficking activities. A sentence within the Guidelines range of 216 months is sufficient and not greater than necessary to deter the Defendant and protect the public.

## **CONCLUSION**

In light of all the facts of the facts in this case, and pursuant to the sentencing objectives of 18 U.S.C. § 3553(a), the United States respectfully asks this Court to sentence the Defendant to a term of imprisonment of 216 months.

Dated: June 30, 2022

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ LINDSEY E. MIDDLECAMP*
BY:  JUSTIN A. WESLEY
Assistant U.S. Attorney
Attorney ID No. 0389189
LINDSEY E. MIDDLECAMP
Assistant U.S. Attorney
Attorney ID No. 0392589