UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

    Plaintiff,

v.

Kevin Green,

    Defendant.

Case No. 19-cr-103(3) (MJD/ECW)

**ORDER**

---

This case is before the Court on Defendant Kevin Green's self-styled Pro Se Motion to Have All Motion During Trail [sic] And Before Trial Sent to Me (Dkt. 637); and Pro Se Motion to Receive All Trail [sic] Exhibit and Legel [sic] Paper from Attorney Robert Richmann (Dkt. 638).

In his first motion, Green asks the Court to provide him with copies of "all paper work and motion dealing with my trail [sic]." (Dkt. 637 at 1.) Green states that his legal counsel has not sent him paper copies of these documents, as he requested, which he asserts could help him explain what he needed done on his appeal. (*Id.*) Instead, his counsel placed all of this paperwork onto two discs and sent them to him through the Bureau of Prisons ("BOP"). (*Id.* at 1-2.) Green also seeks communications between his counsel and the Government, plea deals, trial briefs, grand jury transcripts, and sentencing motions. (*Id.* at 2.)

In his second motion, Green asserts that his counsel's efforts to provide him with electronic copies of these records is insufficient, and that the Court should order counsel

to provide him with paper copies.  (Dkt. 638 at 1-2.)  Without this paperwork, he claims

that his ability to appeal has been impeded.  (*Id.*)  He seeks similar materials as in his first

Motion, in addition to all search warrants by Officer Jason Smith, and text messages/calls

from him and his co-defendants.  (*Id.* at 2-3.)

On August 23, 2022, Green was sentenced to 180 months imprisonment after

being found guilty on two counts by a jury with respect to conspiracy to distribute 400

grams or more of mixtures and substances containing a detectable amount of fentanyl, as

well as an individual count of possession with intent to distribute 40 grams or more of a

mixture and substance containing a detectable amount of fentanyl.  (Dkt. 559.)  On

August 30, 2022, Green, through his counsel, filed a Notice of Appeal.  (Dkt. 569.)  On

October 5, 2023, the Eight Circuit filed its Judgment affirming the decision of the district

court.  (Dkts. 611, 612.)  Green had 90 days from the October 5, 2023 Judgement to file a

petition for a writ of certiorari seeking review of the Eighth Circuit's decision by the

United States Supreme Court.  *See* U.S. Sup. Ct. R. 13.  There is no indication in the

record that Green has filed a timely petition for a writ of certiorari with the United States

Supreme Court.

Green has not filed a proceeding or motion under 28 U.S.C. § 2255.  Except for

the two motions at issue, he has not sought any other relief since the Eighth Circuit's

Judgment.

First, the Court denies, without prejudice, Green's request to have his counsel send

paper copies of his files.  Green acknowledges that his counsel put "everything on two

disc[s]," but says that the BOP does not have a way for him to view these documents.[1]

(Dkt. 637 at 1-2.)  Green has not provided any evidence of this or that the BOP would

even allow him to keep the volume of paper that he seeks.

Second, to the extent that Green is requesting free copies of the file from the

Court, the Motion is denied as premature.  Green has no absolute right to obtain copies of

court records after final judgment is entered in order to search for possible defects at trial

for use in a collateral proceeding.  *See United States v. MacCollom*, 426 U.S. 317, 325-28

(1976).  Indeed, "a defendant in a federal criminal case is not automatically entitled to

free copies of transcripts for use in an appeal or collateral proceedings."  *United States v.*

*Reese*, No. 19-CR-0149 (WMW/KMM), 2022 WL 2375101, at *1 (D. Minn. June 10,

2022), *appeal dismissed*, No. 22-2400, 2022 WL 18144208 (8th Cir. Sept. 21, 2022).

There is nothing in the record that indicates Green is actively appealing his

conviction or sentence.  Even if Green is planning to bring a § 2255 motion or

proceeding, Green will be required to have a trial judge certify that the suit is not

---

[1]     The Court notes that the United States Constitution guarantees prisoners a right to
access to the courts:

> This Court has long held that "'the fundamental constitutional right of access
> to the courts requires prison authorities to assist inmates in the preparation
> and filing of meaningful legal papers by providing prisoners with adequate
> law libraries or adequate assistance from persons trained in the law.'" *Lewis*
> *v. Casey*, 518 U.S. 343, 346 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817,
> 828 (1977)). Specifically, prisons must provide the legal materials and "tools
> . . . that the inmates need in order to attack their sentences, directly or
> collaterally." *Lewis*, 518 U.S. at 355.

*Simmons v. United States*, 142 S. Ct. 23, 24 (2021).

frivolous, and that the documents he seeks are needed to decide the issues before the

Court, in order to receive the court records free of charge.  *See* 28 U.S.C. § 753(f);[2] s*ee*

*also United States v. Losing*, 601 F.2d 351, 353 (8th Cir. 1979) (per curiam) (holding that

a prisoner may receive free records or transcripts "only after judicial certification that

they are required to decide the issues presented by a non-frivolous pending case").

Therefore, the Court denies the Motion without prejudice.

## **ORDER**

Based on the files, record, and proceedings herein,

**IT IS ORDERED THAT**:

1.      Kevin Green's Pro Se Motion to Have All Motion During Trail [sic] and

Before Trial Sent to Me (Dkt. 637) is **DENIED** without prejudice; and

---

[2]      28 U.S.C. § 753(f) provides:

Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question).

28 U.S.C. § 753(f).

5

2.      Kevin Green's Pro Se Motion to Receive All Trail [sic] Exhibit and Legel

[sic] Paper from Attorney Robert Richmann (Dkt. 638) is **DENIED** without prejudice.


Dated: April 2, 2024                                      *s/ Elizabeth Cowan Wright*
                                                          ELIZABETH COWAN WRIGHT
                                                          United States Magistrate Judge