## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KEVIN GREEN,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 19-103 (3) (MJD/ECW)

_____

Craig Baune, Assistant United States Attorney, Counsel for Plaintiff.

Robert D. Richman, Robert D. Richman, LLC, Counsel for Defendant.

_____

Before the Court is Defendant Kevin Green's <u>pro se</u> Motion for a Hearing for the Order of Forfeiture for the $196,000.  (Doc. 643.)  Although Defendant filed this motion <u>pro se</u>, his attorney filed a memorandum in support of the motion.  (Doc. 645.)  For the reasons addressed below, the motion is denied.

## I.      BACKGROUND

On January 21, 2022, Defendant was found guilty of Conspiracy to Distribute 400 Grams of More of Mixtures and Substances Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and (2) Possession with Intent to Distribute 40 Grams or More of a

Mixture and Substance Containing a Detectable Amount of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).

The Court sentenced Defendant on August 17, 2022, to a total of 180 months imprisonment.  As part of the guideline calculation in arriving at this sentenced, the base offense level was calculated "Based on the seized $205,038 in drug proceeds, the defendant is responsible for at least 2.05 kilograms of heroin containing fentanyl [($205,038 ÷ $100) = 2,050.38 grams]." (PSR ¶ 32.)  Defendant objected to this calculation, arguing that there is "no basis for concluding that every dollar of the over $190,000 seized from the safe in his residence was drug sale proceeds or, if it was, that the drugs contained fentanyl."  (Doc. 561 at 6.)  The Court held an evidentiary hearing in consideration of this argument and overruled Defendant's objection, finding that the base offense level was properly calculated.  The United States Court of Appeals for the Eighth Circuit affirmed Defendant's conviction on October 5, 2023.  (Docs. 611, 612.)

## II.   MOTION FOR A HEARING

It is unclear what Defendant is challenging in his current motion.  While the motion is titled "Motion for a Hearing for the Order of Forfeiture for the

$196,000," Defendant's motion appears to either challenge his sentence or challenge the administrative forfeiture of the $196,921.00 in this case.

### A. Challenge to His Sentence

Defendant argues that the Government failed to show that Defendant owned the over $190,000 recovered within the safe.  (Doc. 643 at 1-6.)  Thus, Defendant contends that his guideline calculations were improperly calculated. Defense Counsel, although joining in support of Defendant's motion, concedes that "the trial, the evidentiary hearing at sentencing, and the appeal have all addressed that issue."  (Doc. 645 at 2.) The Court has previously addressed this argument and will not revisit its decision here.  (See Doc. 561 at 4-11.)  As stated above, the Eighth Circuit affirmed Defendant's sentence on appeal.  (Docs. 611, 612.)  Therefore, to the extent that Defendant attempts to challenge his sentence in this case, the motion is denied.

### B. Challenge to the Administrative Forfeiture in this Case

Defendant also appears to challenge the administrative forfeiture of the money.  In 2019, the ATF administratively forfeited a total of $196,921.00 in this case.  Much of that money appears to be the cash that was recovered from the safe.  Defendant disclaims any interest in the money but argues that it was

improperly forfeited because "the government never had him sign anything" with respect to this money.  (Doc. 643 at 5-6.)

To set aside the administrative forfeiture, Defendant must show that he is "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute" and that he did "not receive such notice." 18 U.S.C. § 983(e)(1); See United States v. Xiong, No. CR 17-108 ADM/FLN, 2023 WL 3936633 (D. Minn. June 9, 2023) ("When property has been administratively forfeited, the exclusive means for challenging the forfeiture is by a motion to set aside the forfeiture pursuant to 18 U.S.C. § 983(e)(1) and (5).")

Defendant fails to show that he was entitled to any notice of the forfeiture because he repeatedly disclaimed any interest in the money.  See United States v. Cooper, 679 Fed. Appx. 738, 741 (11th Cir. 2017) (a petitioner must have an interest in the forfeited property to challenge the forfeiture).  Defense counsel also agrees that "[t]he actual owner of the money would appear to be the person best suited to challenge the forfeiture, and that challenge should have taken place in 2019." (Doc. 645 at 3.)  Even if Defendant had an interest in the property, he does not argue that he never received notice of the forfeiture proceedings.  As the Government notes, notice of the administrative forfeiture proceedings were

4

provided to Defendant on September 5, 2019.  (See Doc. 648-1 at 1-6.)

Accordingly, Defendant's challenge to the administrative forfeiture fails, and his

pro se Motion for a Hearing for the Order of Forfeiture for the $196,000 is denied.

Based upon all files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED:**

1. Defendant's pro se Motion for a Hearing for the Order of Forfeiture for
   the $196,000 **[Doc. 643]** is **DENIED;** and

2. Defendant's pro se Motion to Add Additional Evidence **[Doc. 651]** is
   **DENIED as moot**.

Dated:  September 17, 2024                     s/Michael J. Davis
                                              Michael J. Davis
                                              United States District Court