## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KEVIN GREEN,

Defendant.

**Criminal File No. 19-0103(3) (MJD)**

**MEMORANDUM OF LAW AND ORDER ON DEFENDANT'S POST-CONVICTION MOTIONS**

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Kevin Green, Defendant, Pro Se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Kevin Green's Motions for Compassionate Release Under 18 U.S.C. § 3582; for a New Trial; to Vacate Sentence Under 28 U.S.C. § 2255; for Chain of Custody for the 298 Grams from July 8, 2019 Search; and to Expand the Record. The Government has moved to dismiss all of Green's motions.

## II.    BACKGROUND

Green was tried with co-defendant Anthony Abari for various offenses connected to a narcotics conspiracy. Co-defendant Relondo Hall testified on behalf of the Government during the trial. On January 21, 2022, a jury found

Green guilty of (1) Conspiracy to Distribute 400 Grams or More of Mixtures and Substances Containing a Detectable Amount of Fentanyl and (2) Possession with Intent to Distribute 40 Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl.  (Doc. 469.)  Under the Sentencing Guidelines, Green's total offense level was 34, his criminal history category was III, and his imprisonment range was 188 – 235 months.  (Doc. 560 at 1.)  On August 17, 2022, the Court sentenced Green to the care and custody of the Federal Bureau of Prisons for a period of 180 months with 10 years of supervised release to follow. (Doc. 559.)  On October 5, 2023, the Eighth Circuit affirmed Green's convictions. (Doc. 611.)  On November 3, 2023, after being granted an extension to do so, Green filed a petition for rehearing and for rehearing en banc.  (Entry 5332746 in Eighth Circuit Court of Appeals Docket No. 22-2869.)  On November 27, 2023, the petition was denied.  (Id. at Entry 5332746-2.)

Green is currently housed at Thomson FCI and has an expected release date in August 2031. BOP, Find an inmate, https://www.bop.gov/inmateloc// (last visited May 16, 2025).

2

III.    **DISCUSSION**

A.      **Motion for Compassionate Release**

Green filed the instant "Motion for Acquitted Conduct 18 U.S.C. §

3582(c)(2)" in January 2025.  Although the exact nature of Green's motion and

memorandum are a bit unclear, the Government construes the motion as one for

compassionate release. The Court agrees with this framing.  The motion was

docketed as a Motion to Reduce Sentence under 18 U.S.C. § 3582.  (Doc. 664.)

Generally, a "court may not modify a term of imprisonment once it has

been imposed." 18 U.S.C. § 3582(c).  One exception to this general rule is the

compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under 18 U.S.C. §

3582(c)(1)(A), the Court may, upon a defendant's motion following (1)

exhaustion of administrative remedies or (2) the lapse of 30 days from the receipt

of such a request by the warden of the defendant's facility, whichever is earlier,

"reduce the term of imprisonment (and may impose a term of probation or

supervised release with or without conditions that does not exceed the unserved

portion of the original term of imprisonment). . . ."

The administrative exhaustion requirement is a mandatory claim-processing rule.  <u>United States v. Houck</u>, 2 F.4th 1082, 1084 (8th Cir. 2021).  Failure to exhaust administrative remedies prior to filing a motion requires a district court to dismiss the motion without prejudice.  <u>Id.</u>

Here, there is no evidence that Green exhausted his administrative remedies.  Thus, the Court cannot address the underlying merits of the case. (<u>See</u> Docs. 664, 664-1.)  The Court must dismiss the motion without prejudice.

### B.    Motion for a New Trial

Green seeks a new trial based on his belief that the Government improperly offered into evidence at trial a photograph of Green's MetaBank card, which shows a picture of Green from mid-chest up in his prison uniform.  The photograph was offered as Government's Exhibit 185.

> Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . .  Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed. R. Crim. P. 33(a), (b)(2).  Rule 33(b)(2) is an "inflexible claim-processing rule" with a "rigid" deadline.  <u>Eberhart v. United States</u>, 546 U.S. 12, 13 (2005) (per curiam).

4

Green's motion was filed on February 25, 2025.  (Doc. 675-1 (envelope containing Docs. 672, 673, 674 postmarked Feb. 25, 2025).)  The motion was docketed February 28, 2025.  (Doc. 674.)  Green was found guilty by a jury verdict on January 21, 2022, more than three years before Green filed the instant motion.  Thus, Green's motion is time-barred and will be denied.

### C.    Motion to Vacate Sentence under 28 U.S.C. § 2255

On February 6, 2025, Green filed page one of the required form for a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Custody ("§ 2255 motion").  (Doc. 665.)  The page was delivered by U.S. mail and was docketed as a motion.  (Id.; Doc. 665-1.)  On that same date, Green filed a memorandum of law in support of the motion, which contained a "Verification" sheet signed by Green stating that he was pro se and attesting that everything in his memorandum was true and correct.  (Doc. 666.)  Green dated that signature page "January 6, 2025."  (Id. at 27.)  On February 6, 2025, Green also filed a document called "Notice of Timely Filing" in which he stated that he delivered certain documents to prison officials for mailing via the prison's legal mailing system to the Court on January 6, 2025, among which were his § 2255

5

motion and his brief in support of his motion.  (Doc. 668.)  On February 28, 2025,

Green filed a completed form § 2255 motion.  (Doc. 672.)

In relevant part, a motion by a federal prisoner for post-conviction relief

pursuant to 28 U.S.C. § 2255 is subject to a one-year time limitation that generally

runs from the "date on which the judgment of conviction becomes final."  28

U.S.C. § 2255(f)(1).  If a defendant does not file a petition for a writ of certiorari to

the United States Supreme Court after an unsuccessful appeal to a circuit court

from the judgment of conviction, the judgment of conviction becomes final when

the 90-day period for filing a petition for a writ runs.  Clay v. United States, 537

U.S. 522, 527 (2003).

In this case, the Eighth Circuit affirmed Green's conviction on October 5,

2023.  (Doc. 611.)  Green then filed a petition for rehearing and for rehearing en

banc, which was denied on November 27, 2023.  (Entry 5332746-2 in Eighth

Circuit Court of Appeals Docket No. 22-2869.)

### 1.    The Government's Argument

The Government argues that because Green did not appeal his conviction

to the Supreme Court, Green's § 2255 motion is untimely based on the date the

6

Eighth Circuit affirmed Green's conviction and entered judgment, October 5, 2023. The Government asserts that Green had 90 days from that date—until January 4, 2024—to file a petition to the Supreme Court for a writ. See Sup. Ct. R. 13.1. Because Green did not petition the Supreme Court, the judgment became final on January 4, 2024. He then had one year, or until January 6, 2025 (due to the weekend) to file his motion. Because Green's motion was not filed until February 4, 2025, at the earliest (using the date the first § 2255 motion was mailed), the motion was untimely and must be dismissed.

    2.    **Analysis**

        The Court finds the Government's argument unpersuasive. Green's petition for rehearing or rehearing en banc stayed the case until the Eighth Circuit denied Green's request. Because Green filed a motion for rehearing, the relevant date is not the Eighth Circuit's judgment, but the date the Eighth Circuit denied Green's petition for rehearing. See Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed. . . . But if a petition for rehearing is timely filed in

the lower court by any party, . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of the rehearing. . . .").

Thus, Green had until February 26, 2024, 90 days after the Eighth Circuit issued its denial of rehearing, to petition the Supreme Court for a writ of certiorari.[1]  Green then had one year—until February 26, 2025—to file the instant § 2255 motion.

Green mailed his first § 2255 motion on February 4, 2025.  (Doc. 665-1 (envelope from first § 2255 motion, containing tracking number, which showed package history starting in Texas on February 4, 2025).)  The motion was filed on February 6, 2025.  (Doc. 665.)  Accordingly, Green's § 2255 motion was timely, having been filed one month prior to the deadline.

The Court notes that Green appears to be working with Lawyers Paralegal Services, LLC ("LPS"), of Plano, Texas on his § 2255 motion, which explains the Texas origin of the envelope.  (See Doc. 674-1 at 3-4 (Feb. 8, 2025 letter to Green from LPS discussing omitted pages from original § 2255 motion).)

_____

[1] Ninety days was Sunday, February 25, 2024.  February 26 was the next business day.

Green's second § 2255 motion, mailed on February 25, 2025 and filed on February 28, 2025 (Docs. 672, 675-1), merely contains the pages that were missing from the original motion.  (See Doc. 674-1 (Feb. 8, 2025 cover letter from LPS to Green that accompanied complete § 2255 motion explaining that pages were omitted from previous § 2255 form and instructing Green to sign and date signature page, file motion, and email LPS once form was mailed).)  The original filing date is the one the Court considers for purposes of calculating timing, even though this incomplete document was clearly filed in error.  The contemporaneously-filed complete memorandum of law (Doc. 666) bolsters the Court's confidence that the incomplete filing was merely an oversight.

Because Green's § 2255 motion was timely filed, the Government's motion to dismiss will be denied.

**D.    Motion for Chain of Custody for the 298 Grams from July 8, 2019 Search**

**1.    The Motion is Duplicative**

Green asserts that someone added fentanyl and a bag of drugs to the drugs with which he was charged after a seizure of illegal drugs during a search of his

home.  (Doc. 673.)  Green argues that his attorney was asked to appeal this issue, but declined to do so.  (Id. at 6.)

This motion will be dismissed because it is duplicative of Issue III in Green's § 2255 Motion.  (Doc. 672 at 6 ("Mr. Green was denied the effective assistance of counsel during the Appeal Process to the 8th Cir." (discussing Green's theory that someone could have added a bag of heroin to the evidence).)

### 2.    The Parties' Briefing on this Issue

Although LPS appears to have assisted Green with preparation of his § 2255 motion submissions, which are typed, Green added "Ground III" in hand printing to his motion.  (Id.)  Likewise, because it appears that LPS drafted the memorandum of law in support of the § 2255 motion (Doc. 666), the memorandum does not address Ground III.  However, the Court will consider Green's argument in support of his motion for chain of custody (Doc. 673) as support for his Ground III argument when it decides Green's § 2255 motion.

### E.    Motion to Expand the Record

Green asks the Court to include an exhibit in support of his § 2255 motion. (Doc. 667-1.)  The exhibit is Green's declaration stating many of the same things

stated in the memorandum in support of his § 2255 motion.  Green attests that

his statements in the declaration are "true and correct." (Id. at 4.)  The

Government asks the Court to dismiss this motion based on its assumption that

the Court would dismiss Green's § 2255 motion.

Green's declaration is the type of evidence routinely submitted with

similar motions.  Green's motion will be granted.

## IV.    ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY**

**ORDERED**:

1.    Defendant's Motion to Reduce Sentence under 18 U.S.C. § 3582 **[Doc. 664]** is **DENIED without prejudice**;

2.    Defendant's Motion to Vacate under 28 U.S.C. § 2255 **[Doc. 665]** is **DISMISSED as filed in error**;

3.    Defendant's Motion to Expand the Record **[Doc. 667]** is **GRANTED**;

4.    Defendant's Motion for Chain of Custody for the 298 Grams from July 8, 2019 Search **[Doc. 673]** is **DISMISSED as duplicative;**

5.    Defendant's Motion for New Trial **[Doc. 674]** is **DENIED**;

6.    The Government's Motion to Dismiss Doc. Nos. 665, 667, 672, 673, 674 **[Doc. 683]** is **GRANTED in part and DENIED in part as detailed herein**; and

7.    The Government shall file its response to Defendant's Motion to Vacate Under 28 U.S.C. § 2255 **[Doc. 672]** within 45 days of the date of this Order.

Dated:   June 2, 2025                         s/Michael J. Davis
                                              Michael J. Davis
                                              United States District Court

12